2016 Ark. 84

Joe E. MORGAN, Appellant

v.

Wendy KELLEY, Director, Arkansas Department of Correction, Appellee

No. CV–15–428

Supreme Court of Arkansas.

Opinion Delivered February 25, 2016

Joe E. Morgan, pro se appellant.

Leslie Rutledge, Att'y Gen., by: Rachel Kemp, Ass't Att'y Gen., for appellee.

PER CURIAM

In 2003, appellant Joe E. Morgan entered a plea of guilty to rape and first-degree sexual assault. He was sentenced as a habitual offender to serve an aggregate term of sixty years' imprisonment.

Morgan subsequently filed in the trial court three petitions for writ of error coram nobis—one in 2007 and two in 2011. The trial court denied the three petitions in one order, entered in 2012. One of the issues raised concerned the application of a habitual–offender statute to Morgan's sentence—Arkansas Code Annotated section 5–4–501(c) (Repl.1997), which provided that he would not be eligible for parole. Morgan appealed to this court from the denial of the petitions, and we affirmed, noting that, even if there was a conflict between certain parole-eligibility statutes that were applied to his case, the conflict

would not invalidate the judgment of conviction. We also noted that parole-eligibility issues were not matters properly considered by the sentencing court. *Morgan v. State*, 2013 Ark. 341, at 8, 2013 WL 5306051.

In 2015, Morgan, who is incarcerated at a unit of the Arkansas Department of Correction ("ADC") in Lincoln County, filed a petition for a writ of habeas corpus in the Lincoln County Circuit Court.[1] The petition, which also challenged the application of section 5–4–501(c) to Morgan's sentence, was dismissed, and Morgan brings this appeal.

A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id.*

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark.Code Ann. § 16–112–103(a)(1) (Repl.2006). The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416, 2013 WL 5775566.

As he had done in the coram-nobis proceeding, Morgan argued in the habeas proceeding that the trial court in his case lacked subject-matter jurisdiction because he was sentenced under section 5–4–501(c), and the trial court did not have authority to apply that statute to his sentence. He further contended that the sentence was invalid because, at the time the legislature enacted Arkansas Code Annotated section 16–93–1302 (Supp.1995), it conflicted with section 5–4–501 in that it allowed eligibility for parole for an inmate sentenced under section 5–4–501(c) when the inmate reached the age of fifty-five.

We find no error. First, with respect to Morgan's assertion that the trial court in his case lacked subject-matter jurisdiction, subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Bradley v. State*, 459 S.W.3d 302, 306 (Ark.2015). A court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought. *Id.* Morgan did not show that the trial court lacked jurisdiction to hear his criminal case.

The habitual-offender statute, section 5–4–501(c), was in effect when Morgan was convicted. While he argued that the habitual-offender statute, and other statutes that affected his parole eligibility, created a conflict between trial courts and the ADC, he did not establish that the sentence imposed on him was outside the statutory range for the offenses of which he was convicted. Rather, the basis of his claim for a writ of habeas corpus was that he was not considered by the ADC to be eligible for parole, and we have specifically held that issues concerning the denial of parole generally do not implicate jurisdic-

---

1. As of the date of this opinion, Morgan remains incarcerated in Lincoln County.

tion or the facial validity of the judgment-and-commitment order. *Woodson v. Hobbs*, 2015 Ark. 304, at 3, 467 S.W.3d 147, 149 (per curiam). Constitutional challenges to statutes that govern parole eligibility in a particular case are not cognizable in habeas-corpus proceedings. *Randolph v. State*, 2011 Ark. 510, at 3, 2011 WL 5995602 (per curiam). Determination of parole eligibility is solely within the province of the ADC. *Carroll v. Hobbs*, 2014 Ark. 395, 442 S.W.3d 834 (per curiam).

Because the Lincoln County Circuit Court did not err when it declined to grant a writ of habeas corpus on the allegations raised by Morgan, we affirm the court's order.

Affirmed.