RHONDA K. WOOD, Associate Justice
Appellant Jackie Breeden, Jr., appeals the denial of his pro se petition to proceed in forma pauperis. The circuit court denied his petition because it found the underlying writ of habeas corpus did not contain a colorable cause of action. Because the circuit court did not abuse its discretion in finding that Breeden should not be permitted to proceed, we affirm.
*265 In evaluating Breeden's petition to proceed in forma pauperis, the circuit court found that Breeden had established that he was indigent, but that he did not raise a cognizable claim. In his habeas petition and on appeal, Breeden alleges that the writ should issue because his incarceration was unconstitutional in that he should have received a lesser sentence as a first-time offender. Breeden did not attach to his petition the judgment that he challenged, but he referenced this court's decision in Breeden v. State , 2013 Ark. 145, 427 S.W.3d 5, affirming his conviction for the rape of his minor daughter.
In support of his claims, Breeden asserts that his life sentence for rape was in violation of due process and the Eighth Amendment's prohibition against cruel and unusual punishment. Breeden points to cases in which juvenile offenders were held less culpable, and appears to assert that these are comparable to his case. Breeden asks that his sentence be vacated and that he be resentenced so that the "first offender act" could be considered.
I. Standard of Review
Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion, and the circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. Whitney v. Guterres , 2018 Ark. 133, 2018 WL 1957077. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. Whitney v. State , 2018 Ark. 138, 2018 WL 1957111.
Rule 72 of the Arkansas Rules of Civil Procedure conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c) (2017). If the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion, and this court may affirm the denial of in forma pauperis status. Muldrow v. Kelley , 2018 Ark. 126, 542 S.W.3d 856. A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. Penn v. Gallagher , 2017 Ark. 283, 2017 WL 4683871. The decision to deny Breeden's request for pauper status turned on whether he pleaded sufficient facts in his habeas petition to support his claims for habeas relief.
II. Habeas Relief and Jurisdiction
Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Garrison v. Kelley , 2018 Ark. 8, at 2, 534 S.W.3d 136, 137 (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016) ). Assertions of trial error and due-process violations do not implicate the facial validity of a trial court's judgment or jurisdiction. Anderson v. Kelley , 2018 Ark. 222, 549 S.W.3d 913.
III. Breeden's Bases for the Writ
Breeden was charged under Arkansas Code Annotated section 5-14-103 (Supp. 2011), which provides that rape is a Class Y felony. The statutory sentencing range for a Class Y felony is not less than ten years and not more than forty years, or life. Ark. Code Ann. § 5-4-401(a)(1) (Repl. 2013). Breeden's sentence fell within that range.
Breeden's Eighth Amendment argument is that his sentence was excessive as a *266 matter of law, mainly because he was a first-time offender. This is developed poorly, but the crux of it appears to be that a sentence of life without parole for a first offender in a noncapital case is unconstitutionally excessive. Breeden cites no authority to support this position.
As noted above, the sentencing range for rape does not carry a mandatory sentence of life without parole, and the jury that convicted Breeden was allowed to consider imposing a lesser sentence. Breeden's petition made no claim that was legitimate or may reasonably have been asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. Breeden's underlying petition clearly fails to state a colorable cause of action because it does not state sufficient nonconclusory facts to support cognizable claims. Accordingly, we affirm the circuit court's denial of Breeden's in forma pauperis petition.
Affirmed.