COURTNEY HUDSON GOODSON, Associate Justice
Appellant Joe E. Morgan is an inmate serving an aggregate sentence of sixty years in a unit of the Arkansas Department of Correction ("ADC") for convictions on charges of rape and first-degree sexual assault entered on a negotiated guilty plea. Morgan filed a petition for writ of habeas corpus in the county where he was incarcerated, and the circuit court entered an order that denied Morgan leave to proceed in forma pauperis on the petition. Morgan appealed the order, and briefs were filed.
The appellee, who is the director (Director) of the ADC, noted in her brief that the petition for leave to proceed in forma pauperis that was the subject of the order was not contained in the record. Morgan sought a writ of certiorari to bring up the missing petition, which was not contested by the Director and which this court granted by per curiam order on October 18, 2018, with directions for supplemental briefing following return of the supplemental record containing the missing petition. The supplemental record was returned with an affidavit from the circuit clerk stating that she had verified that no petition to proceed in forma pauperis is contained in the record, other than the petition to proceed as a pauper on appeal. There is no need for further briefing,[1] and we affirm.
Arkansas Rule of Civil Procedure 72 (2017) is our procedural rule concerning civil suits filed by a complainant who desires to proceed as a pauper. Under Rule 72, the right to proceed in forma pauperis in civil matters is conditioned on a finding of indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. Breeden v. Kelley , 2018 Ark. 299, 557 S.W.3d 264. Our *110 standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion, and the circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. Whitney v. Guterres , 2018 Ark. 133, 2018 WL 1957077. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. Breeden , 2018 Ark. 299, 557 S.W.3d 264. If the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion, and this court may affirm the denial of in forma pauperis status. Id.
The circuit court found sufficient evidence that Morgan was indigent, but that he failed to allege a matter cognizable in a petition for the writ. Although the Director appears to contend that Morgan only argues the actual merits of the habeas petition, Morgan asserts on appeal that he did allege sufficient facts to support a cognizable claim in that he alleged that the trial court did not have authority to enter the judgment if he failed to make a guilty plea in open court and that the claim he made in the habeas petition was one that could reasonably be asserted given a reasonable and logical extension or modification of current law. He contends his claim was that the sentence imposed was void and illegal because he did not in fact enter a guilty plea and that, as such, it should be cognizable in proceedings for the writ.
The claims in Morgan's habeas petition were not sufficient to support his allegations of a colorable cause of action, but not because the claims he identified were not cognizable in proceedings for the writ. A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136 (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)).
Without addressing the actual merits of his arguments, it is clear that Morgan's claim that was set out in the petition and in which he disputes the fact that he entered a guilty plea in open court-contrary to the notation on the judgment that he had entered a plea-is indeed one that the trial court exceeded its authority in entering the judgment and therefore lacked jurisdiction to enter the judgment.[2] See Elms v. State , 299 Ark. 419, 773 S.W.2d 89 (1989). Yet Morgan nevertheless failed to present a colorable cause of action because his pleading did not satisfy the additional requirement under the statute that he make a showing of probable cause.
It is the petitioner's burden to establish probable cause to establish that the writ should issue. Anderson v. Kelley , 2018 Ark. 222, 549 S.W.3d 913. Morgan takes the position that because he set out sufficient facts to establish the claim and he avers he did not appear before the court to make a plea, he has met this burden. He asserts that the Director must come forward with proof. While Morgan is correct that he need not prove his case at this point in the proceedings, he must nevertheless *111 provide more than a bare assertion in his pleadings, and it is his burden, not the appellee's, to provide hearing transcripts or other evidence to establish the requisite probable cause for the writ to issue. See Darrough v. Kelley , 2017 Ark. 314, 530 S.W.3d 332. Without a showing of probable cause, Morgan's claim, even if it is a cognizable one, was not a legitimate one. This court will affirm the circuit court's decision because it reached the right result, albeit for the wrong reason. Marshall v. State , 2017 Ark. 208, 521 S.W.3d 456.
The Director requests that this court impose a strike under Arkansas Code Annotated section 16-68-607 (Supp. 2017) for this appeal. Because the Director did not demonstrate that the instant action was frivolous, malicious, or failed to state a claim, we hold that no strike is warranted. As noted above, the underlying habeas petition set out a claim that fell within those cognizable for the writ, yet it did not provide an adequate demonstration of probable cause to support issuance of the writ. The circuit court's order was incorrect in that regard, and the appeal was therefore not a frivolous one. See Waller v. Kelley , 2016 Ark. 252, 493 S.W.3d 757.
Affirmed.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
The majority's apparent inability to construe the Arkansas habeas statute is troubling. It states in pertinent part:
(a)(1) The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted.
Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). "Probable cause" is simply the quantum of proof that must be provided by the "affidavit or other evidence" so as to satisfy the pleading requirements for a habeas petition. "Probable cause" means "a reasonable belief in the existence of facts on which a claim is based and in the legal validity of the claim itself." Black's Law Dictionary 1239 (8th ed. 2004). It is not, as the majority suggests, an "additional requirement" found in the statute. Stated more simply, the Arkansas habeas statute requires that a petitioner only establish by affidavit or some other proof that there is a reasonable basis for finding that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1). Accordingly, the majority's conclusion that Mr. Morgan had not asserted a colorable cause of action is totally infirm as a matter of law. Therefore, I must dissent.

While Morgan may have believed that there was an omission in the record, the only request in the record to proceed with the habeas petition as a pauper is found in an affidavit that was attached to the habeas petition, along with other exhibits. This affidavit was titled as in support of a request to proceed in forma pauperis and provided information about Morgan's income and resources. The circuit court referenced a "motion" in its order, and because there was no separate filing concerning the request, the affidavit, when taken together with the habeas petition filed, appears to have been construed as the motion that was referenced and decided.

We note that Morgan maintained in the petition that he did not personally enter a plea at the hearing he attended. Allegations that concern the sufficiency of a guilty plea entered, such as the factual basis for a plea, are not cognizable in habeas proceedings. Story v. State , 2017 Ark. 358, 2017 WL 6376368.