Cite as 2019 Ark. 278

# SUPREME COURT OF ARKANSAS

No. CV-19-285

| | |
|---|---|
| ROY LEE RUSSELL<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | Opinion Delivered October 17, 2019<br><br>PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT AND MOTION TO SUPPLEMENT RECORD [NO. 09CV-18-186]<br><br>HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE<br><br>APPEAL DISMISSED; MOTION MOOT. |

**KAREN R. BAKER, Associate Justice**

Appellant Roy Lee Russell appeals the denial of his pro se petition to proceed in forma pauperis in a habeas proceeding. The circuit court denied his petition because it found that the underlying petition for writ of habeas corpus raised a jurisdictional issue that had already been decided in *Russell v. Kelley*, 2016 Ark. 224. Now before us is Russell's motion to supplement the record. Because the circuit court did not abuse its discretion in denying the petition and because we have already addressed the issue raised by Russell in a prior appeal, we dismiss the appeal. *Anderson v. Kelley*, 2018 Ark. 222, 549 S.W.3d 913 (Order denying habeas relief upheld when petitioner had raised issues in his habeas petition that this court had already considered and rejected.). An appeal from an order that denied a petition for postconviction relief, including the denial of civil postconviction remedies such as habeas proceedings, will not be permitted to go forward when it is clear that the appellant could not prevail. *Gardner v. Kelley*, 2018 Ark. 300. Russell's motion is rendered moot by the dismissal of the appeal.

## I. *Standard of Review*

Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion, and the circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. *Morgan v. Kelley*, 2019 Ark. 189, 575 S.W.3d 108; *Whitney v. Guterres*, 2018 Ark. 133. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Whitney v. State*, 2018 Ark. 138.

Rule 72 of the Arkansas Rules of Civil Procedure conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c) (2017). If the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion, and this court may affirm the denial of in forma pauperis status. *Muldrow v. Kelley*, 2018 Ark. 126, 542 S.W.3d 856. A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Mack v. Kelley*, 2018 Ark. 401, 562 S.W.3d 845. The decision to deny Russell's request for pauper status therefore turned on whether he pleaded sufficient facts in his habeas petition to support a claim for relief within the purview of a habeas proceeding.

## II. *Habeas Relief and Jurisdiction*

Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other

2

evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016); *Garrison v. Kelley*, 2018 Ark. 8, 534 S.W.3d 136. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). A circuit court has subject–matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145. The burden is on the petitioner to establish with factual support that he or she is entitled to issuance of the writ. *Breeden v. Kelley*, 2018 Ark. 299, 557 S.W.3d 264 (A habeas petition fails to state a colorable cause of action if it does not state sufficient nonconclusory facts to support cognizable claims.).

### III. *Russell's Claim for the Writ*

On August 8, 2013, Russell was tried and found guilty by a jury of two felony offenses. The sentences were ordered to be served consecutively for a total of 660 months' imprisonment. There was an error in the original sentencing order, entered August 8, 2013, that misstated the total length of the sentence to be served, and an amended order was entered on August 19, 2013, that reflected the correct sentence. The original order and the amended order were both signed by retired circuit judge Ted Capeheart, who had been assigned pursuant to Administrative Order No. 16 to sit for the regular judge, Sam Pope, for the dates August 7 and 8, 2013.

In 2016, Russell filed a petition for writ of habeas corpus in the county where he was incarcerated on the ground that the trial court lacked jurisdiction, and the judgment was invalid on its face because Judge Capeheart signed the amended order after his authority to do so ended. The habeas petition was denied, and as stated, this court affirmed the order.

In 2018, Russell filed the petition to proceed in forma pauperis and the habeas petition that are at issue in this appeal. He repeated the claim that the trial court was without jurisdiction to enter the amended sentencing order on the grounds that Judge Capeheart had signed it, and it was entered after Judge Capeheart's authority to act had ended. As with the 2016 habeas petition, there was no persuasive precedent presented to support the claim that an appointed judge did not have authority to correct a sentencing order that clearly contained an error.

As we held when this court considered the appeal from the 2016 habeas order, the trial court in its amended order was merely correcting an obvious clerical error to make the judgment speak the truth, which it had jurisdiction to do, and a clerical error in the judgment does not prevent enforcement of a judgment and commitment order. *Russell*, 2016 Ark. 224. We further declared that "clerical errors do not entitle a petitioner to relief in a habeas corpus proceeding." *Id.* at 3. As Russell did not establish either that the entry of the amended sentencing order implicated the jurisdiction of the trial court or that the amended sentencing order was invalid on its face, Russell did not demonstrate a colorable cause of action in his petition to proceed in forma pauperis; therefore, the circuit court did not err in declining to issue the writ.

Appeal dismissed; motion moot.

*Roy Lee Russell*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.