Cite as 2019 Ark. 339

# SUPREME COURT OF ARKANSAS

No. CV–18–135

| | |
|---|---|
| MICHAEL E. REA<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered** November 21, 2019<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-17-903]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant Michael E. Rea appeals the denial of his petition to proceed in the circuit court as a pauper with a petition for writ of habeas corpus. This court previously remanded for a supplemental order with adequate findings of fact in compliance with Arkansas Rule of Civil Procedure 72 (2017). *Rea v. Kelley*, 2018 Ark. 329, 559 S.W.3d 746. The supplemental record has been filed, and Rea raises two points on appeal, neither of which demonstrates reversible error. Because we find no error in the denial of the petition to proceed in forma pauperis, we affirm.

I. *The Standard for In Forma Pauperis Petitions*

Arkansas Rule of Civil Procedure 72 is our procedural rule concerning civil suits filed by a complainant who desires to proceed as a pauper. *Morgan v. Kelley*, 2019 Ark. 189, 575 S.W.3d 108. Under Rule 72, the right to proceed in forma pauperis in civil matters is conditioned on a finding of indigency and the circuit court's satisfaction that the alleged

facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Morgan*, 2019 Ark. 189, 575 S.W.3d 108.

Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion, and the circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. *Id*. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Id*. If the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion, and this court may affirm the denial of in forma pauperis status. *Id*. It is the appellant's burden to demonstrate the existence of reversible error. *Landers v. Stone*, 2016 Ark. 272, 496 S.W.3d 370.

## II. *The Habeas Petition and the Supplemental Order*

In the habeas petition, Rea sought to challenge his convictions for four counts of computer exploitation of a child in the first degree and twenty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. He was sentenced to an aggregate term of 3720 months' imprisonment,[1] and this court affirmed his convictions and sentences. *Rea v. State*, 2015 Ark. 431, 474 S.W.3d 493.

In the supplemental order, the circuit court found that Rea presented sufficient evidence that he is indigent but that the allegations in the petition did not present a colorable

---

[1]The sentencing order indicated that the four counts of computer exploitation and five of the counts for possession were to run consecutively, and the remaining fifteen counts of possession were to run concurrently.

cause of action. The order identified five claims in the habeas petition that Rea had made in support of his claim that his sentence was illegal, and the circuit court found that these five claims were not cognizable in a habeas proceeding. The five claims the circuit court identified from the petition were (1) that the evidence introduced at Rea's trial was illegally obtained and should have been suppressed; (2) that the Arkansas Supreme Court erred in affirming Rea's conviction; (3) that the prosecuting attorney filed the wrong charges; (4) that the factors the prosecutor marked on the prosecutor report are untrue; and (5) that Rea's attorney was ineffective.

## III. *Rea's First Point on Appeal*

Rea first alleges error in the circuit court's determining that he failed to state a colorable cause of action in the habeas petition. Rea asserts that he stated a cognizable claim for habeas relief in that he alleged that his sentence was illegal, that he was illegally detained because the sentencing order was invalid, and that he "presented several justiciable issues as a matter of law and fact" including double jeopardy and lack of jurisdiction. Rea appears to contend that the circuit court overlooked these issues raised in the habeas petition and that those claims supported habeas relief.

### A. Cognizable Claims in Habeas Proceedings

Under our statute, a petitioner for a writ of habeas corpus who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. *Breeden v. Kelley*, 2018 Ark. 299, 557 S.W.3d 264; *see also* Ark. Code Ann. § 16-

3

112-103(a)(1) (Repl. 2016). Assertions of trial error and due-process violations do not implicate the facial validity of a trial court's judgment or jurisdiction, and a decision to deny a request for pauper status may turn on whether the petitioner pleaded sufficient facts in his habeas petition to support his claims for habeas relief. *Breeden*, 2018 Ark. 299, 557 S.W.3d 264.

### B. The Claims Rea Alleges Were Cognizable

Rea points to portions of his habeas petition in support of the allegation that he set out cognizable claims overlooked by the circuit court by asserting that his sentence was illegal and that he stated justiciable issues including claims of double jeopardy and a lack of jurisdiction. Rea's conclusory allegations were broadly framed to fall within the type of claim that may be alleged in habeas proceedings.[2] Rea, however, has not demonstrated that the claims in the petition were supported with factual substantiation, and without adequate factual support, the allegations in the petition do not set out a legitimate claim.

### 1. *Double jeopardy*

This court has recognized that some claims of double jeopardy are cognizable in habeas proceedings, as detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Pelletier v. Kelley*, 2018 Ark. 347, 561 S.W.3d 730. When the petitioner does not show that on the face of the commitment order there was an

---

[2]The appellee asks this court to impose a strike for the appeal under Arkansas Code Annotated section 16-68-607 (Supp. 2017). Because the appellee did not demonstrate that the instant appeal was frivolous, malicious, or failed to state a claim, no strike is warranted. As noted in this opinion, the underlying habeas petition broadly set out a claim that fell within those cognizable for the writ although it failed to support the basis for the claim with sufficient facts. *See Morgan*, 2019 Ark. 189, 575 S.W.3d 108.

illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one that is cognizable. *Sims v. State*, 2018 Ark. 271, 555 S.W.3d 868. Here, Rea's claim falls short and was not one cognizable for the writ.

In his habeas petition, Rea alleged that Arkansas Code Annotated section 5-27-605(a) (Repl. 2013) did not authorize multiple convictions based on the number of photographs taken. A person commits computer exploitation of a child in the first degree if the person causes or permits a child to engage in sexually explicit conduct and knows, has reason to know, or intends that the prohibited conduct may be photographed; filmed; reproduced; reconstructed in any manner, including on the internet; or may be a part of an exhibition or performance. Ark. Code Ann. § 5-27-605(a)(1).

In this argument, and other arguments Rea makes, he alleges factual errors in the sentencing order and the documents filed with it. Clerical errors, however, do not prevent the enforcement of the judgment, and because it is the sentencing court that may enter an order nunc pro tunc at any time to correct clerical errors in the judgment or order, a circuit court other than the sentencing court may not correct such an error. *See Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408. Rea was therefore not entitled to relief to the extent he alleged clerical error.

Rea alleged that he was incorrectly charged with[3] and convicted of a violation of section 5-27-605(a) when he was also accused of actually taking the photographs, which

---

[3]Rea's claims that the prosecutor filed the wrong charges against him are viable only to the same extent that his double-jeopardy claim is. Claims of a defective information that raise a jurisdictional issue, such as a claim of an illegal sentence, are cognizable in habeas proceedings; however, general defective-information allegations are not. *Mister v. Kelley*, 2019 Ark. 187, 575 S.W.3d 410. A contention that the prosecutor filed the criminal

goes beyond what must be demonstrated in that subsection of the statute. He alleged that section 5-27-605(b) was instead the crime that he committed. A person commits computer exploitation of a child in the second degree if the person photographs or films a child engaged in sexually explicit conduct; or uses any device, including a computer, to reproduce or reconstruct the image of a child engaged in sexually explicit conduct. Ark. Code Ann. § 5-27-605(b)(1). Rea also contended that, even if he was correctly charged under section 5-27-605(a), the 2009 and 2010 photograph sessions with the minor were two separate events, each constituting an uninterrupted continuing course of conduct on a single impulse, and that he could only be charged for, at most, two violations of section 5-27-605(a).

Although the habeas petition did include a double-jeopardy claim, it is not clear whether the circuit court's order specifically addressed the claim. Even if the circuit court did overlook Rea's double-jeopardy argument, however, Rea does not show that the argument he made in his petition on the issue was sufficient to present a colorable cause of action for habeas relief.

Rea's bases for the illegal-sentence argument as set out in the habeas petition do not appear to be clear enough to distinguish those allegations from a simple claim of insufficient evidence to support the charge. A sufficiency-of-the-evidence argument is not an issue cognizable in proceedings for the writ. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Rea only frames the issue in a very conclusory manner without explaining the facts that

---

information without supporting documents is a mere assertion of trial error, and such assertions of trial error and due-process violations do not implicate the facial validity of a trial court's judgment or jurisdiction. *Id.*

support it in this particular case. He has not demonstrated that there was an abuse of discretion by the circuit court.

### 2. *Lack of jurisdiction/statute of limitations*

While Rea appears to have contended in the habeas petition that the trial court did not have jurisdiction because the statute of limitations had expired on the section 5-27-605(a) charges, he based this claim on his contention that the date of commission of the crimes listed on the judgment is incorrect. Rea alleged that the child was photographed in 2009 and 2010, and the 2012 date of commission of the crime listed on the sentencing order was the date when the photographs were discovered by the police. Even if Rea is correct in regard to a clerical error concerning the dates, he did not fully develop the statute-of-limitations argument, because he acknowledged that the statute provides an exception when the victim is a minor, and he also acknowledged that the victim was a minor.

This court will not consider an argument, even a constitutional one, if the appellant makes no convincing argument or cites no authority to support it. *Hendrix v. Black*, 373 Ark. 266, 283 S.W.3d 590 (2008). More particularly, if an appellant's point is not apparent without further research, this court will not hear the matter. *Id*. We simply will not address issues on appeal that are not appropriately developed. *Spears v. Spears*, 339 Ark. 162, 3 S.W.3d 691 (1999).

### IV. *Rea's Second Point on Appeal*

In Rea's second point on appeal, he contends that the circuit court erred by initially denying his petition for leave to proceed in forma pauperis without stating sufficient facts in the initial order and that he was denied access to the courts as a result. As Rea notes,

7

however, the circuit court nevertheless allowed Rea to appeal the denial of his in forma pauperis petition as a pauper. Further, a supplemental order on the denial was entered. Because this court reviewed the circuit court's initial order and remanded for additional findings, Rea cannot demonstrate any prejudice from the error. *Rea*, 2018 Ark. 329, 559 S.W.3d 746.

Affirmed.

*Michael E. Rea*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Sammie P. Strange, Jr.*, Ass't Att'y Gen., for appellee.