Cite as 2019 Ark. 388

# SUPREME COURT OF ARKANSAS

No. CR–18–180

| | |
|---|---|
| TRACY FRENCH<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** December 12, 2019<br><br>PRO SE APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CR-06-1873]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br><u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Tracy French appeals an order entered by the trial court on December 14, 2018, dismissing an in forma pauperis petition to proceed with a pro se petition for a writ of error coram nobis and a motion for appointment of counsel on the basis that French failed to state a colorable cause of action. French argued that the writ should issue and the judgment be vacated in his criminal case because he was coerced into pleading guilty due to inadequate advice regarding an available sentencing option when he entered his guilty plea and that material evidence was withheld by the State in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). As French has failed to demonstrate that the trial court abused its discretion in declining to grant the relief sought, the order is affirmed.[1]

---

[1]The State argues that this court does not have jurisdiction to address the merits of this appeal because the notice of appeal filed by the circuit clerk on January 18, 2018, in this matter was untimely despite the fact that the notice of appeal also bears a handwritten notation that it was "[f]iled with the court on Jan. 12, 2018." The note is signed by the

## I. *History*

In 2006, French entered a negotiated plea of guilty to raping his daughter on multiple occasions, and a sentence of 360 months' imprisonment was imposed. In 2017, French filed in the trial court the three pleadings referenced above, all relating to his request for a writ of error coram nobis. As stated, the court dismissed the pleadings for failure to state a colorable claim for the issuance of a writ of error coram nobis. A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Morgan v. Kelley*, 2019 Ark. 189, 575 S.W.3d 108.

## II. *Standard of Review*

Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion, and the circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. *Id.* An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. The same standard of review is applicable to coram nobis petitions, and there is no

---

judge who issued the order, and the notice of appeal is marked with a stamp from the judge's office indicating that it was received on January 12, 2018. The State contends that the circuit clerk's file-mark takes precedence over the directive of the circuit court. The file-stamp by the circuit clerk is merely "evidence of filing." *Ark. Game & Fish Comm'n v. Eddings*, 2009 Ark. 359, 324 S.W.3d 328. Circuit courts hold the inherent power to invoke orders necessary to the orderly handling of matters that are before them, *see Weaver v. State*, 296 Ark. 152, 752 S.W.2d 750 (1988), and have the authority in civil matters to accept pleadings for filing. *See* Ark. R. Civ. P. 5(d) (2018). In view of this, the record demonstrates that the notice of appeal was received and timely filed in accordance with the circuit court's directive.

abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774.

III. *Nature of the Remedy*

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Dednam v. State*, 2019 Ark. 8, 564 S.W.3d 259. A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a "strong presumption" that the judgment of conviction is valid. *Nelson*, 2014 Ark. 91, at 3, 431 S.W.3d at 854.

While *Brady* violations come within the purview of coram nobis relief, the fact that a petitioner alleges a *Brady* violation is not, in itself, sufficient to provide a basis for the writ. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is

3

exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634

### IV. *Withheld Evidence*

French maintained in his coram nobis petition filed in the trial court—and reiterates in his argument on appeal—that the State suppressed reports generated by the Arkansas Department of Human Services (DHS) that contained statements from his daughter that she had been "sexually assaulted" rather than raped. French argues that "sexual assault" represents a lesser charge than a charge of rape and maintains that he would not have pleaded guilty to rape had he been aware of his daughter's use of the term "sexual assault." This allegation is wholly without merit primarily because the reports from DHS are dated May 5, 2010, and French pleaded guilty and was convicted of rape in 2006. When determining whether a *Brady* violation has occurred, it must first be established that the material was available to the State prior to trial and that the defense did not have it. *Bunch v. State*, 2018 Ark. 379, 563 S.W.3d 552. Obviously, statements made by the victim years after the plea hearing were not available to the State prior to that hearing.

French also argues that the State violated *Brady* when it failed to make him aware of an alternative sentence option for a conviction of rape. Specifically, French argues that when he was convicted and sentenced, the State did not inform him that he could be voluntarily castrated and placed on probation rather than being incarcerated.[2] French maintains that he

---

[2]There is nothing in Arkansas's sentencing statutes authorizing castration of individuals convicted of rape as an alternative sentence. French relies on one instance in Arkansas where a defendant charged with rape agreed to castration in exchange for a reduced

4

would have chosen castration to avoid incarceration because using castration to control sex offenders allows them "to be released without endangering the public." Any legal precedent or its underlying facts regarding such an alternative sentencing option could have been discovered by French's own trial counsel. Such information is a matter of public record and is not capable of being suppressed. *Osburn*, 2018 Ark. 341, 560 S.W.3d 774. Furthermore, French fails to provide any statutory or legal precedent establishing that he would have been entitled to "be released" had he consented to castration. Under Arkansas's statutory sentencing scheme, probation is not authorized for Class Y felonies such as rape. Ark. Code Ann. § 5-14-103(c) (Repl. 2006); Ark. Code Ann. § 5-4-104(c) & (e)(1)(A); *see also State v. Thompson*, 2017 Ark. 50, 510 S.W.3d 775; *State v. Pinell*, 353 Ark. 129, 114 S.W.3d 175 (2003). Again, the State cannot be found to have suppressed information regarding a sentencing option that was nonexistent.

## V. *Coercion*

To the extent French maintains that his guilty plea was coerced, he has not alleged sufficient facts to state a cognizable coram nobis claim. To prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. The allegation that a guilty plea was coerced in the sense that it

---

sentence. *See Am. Civil Liberties Union of Ark., Inc. v. State*, 339 Ark. 314, 5 S.W.3d 418 (1999) (because the ACLU lacked standing to intervene in a criminal case, the merits of the ACLU's underlying claim that castration as punishment for crime violates the United States and Arkansas Constitutions and is not authorized by Arkansas law were not reached).

5

was involuntarily and unknowingly given as a result of erroneous advice does not constitute a showing of a coerced plea within the scope of a coram nobis proceeding. *Green*, 2016 Ark. 386, 502 S.W.3d 524 (Erroneous advice regarding parole-eligibility status did not support a claim of a coerced plea and thus did not provide a basis for coram-nobis relief.). In sum, the trial court did not abuse its discretion when it concluded that French failed to state a basis for coram nobis relief. *Morgan*, 2019 Ark. 189, 575 S.W.3d 108.

Affirmed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring**. I agree that the circuit court did not err in denying Mr. French's petition to proceed in forma pauperis and motion for appointment of counsel and dismissing his petition for a writ of error coram nobis. However, I write separately because I cannot join the majority opinion as written.

The assertion that "a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Nelson v. State*, 2014 Ark. 91, at 3, 4 S.W.3d 852, 854" is a patently incorrect statement of the law."

Earlier this year in *Scott v. State*, 2019 Ark. 94, 571 S.W.3d 451, Justice Baker, writing for the majority, expressly disavowed the rigid reliance on these four exclusive categories. The *Scott* court quoted with approval Justice Wood's majority opinion in *Strawhacker v. State*, 2016 Ark. 348, 500 S.W.3d 716. I likewise quote *Strawhacker*, which I believe is a complete statement of the law with regard to error coram nobis:

We acknowledge that Strawhacker's claim may not neatly fall within one of the four established categories. But these categories are not set in stone. We have expanded the coram-nobis remedy in the past. *See Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984). We emphasized that expanding the grounds for the writ was necessary to ensure due process and to provide a state remedy where none exists:

> The growth of the writ is attributable, certainly, to a variety of causes. A great force in its development has been that growing concept, due process of law. The federal courts now show little hesitation in overturning state convictions if a state has no remedy or refuses to exercise it where a defendant has been denied due process of law. And where the federal decisions reflect a procedural gap in a state whereby a defendant denied due process of law is remediless without recourse to the federal courts, the courts of that state may utilize coram nobis to fill the void.

*Id*. at 575, 670 S.W.2d at 429 (citing John H. Haley, Comment, *Coram Nobis and the Convicted Innocent*, 9 Ark. L. Rev. 118 (1955)). These concerns are present here. Additionally, the Arkansas Constitution provides that for every wrong there should be a remedy:

> Every person is entitled to a certain remedy in the law for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; comfortably to the law.

Ark. Const art. 2, § 13.

2016 Ark. 348, at 6–7, 500 S.W.3d 719–20.

The *Scott* and *Strawhacker* courts held that the four categories are not set in stone. It is high time that we follow our own precedents.

I concur.

*Tracy French*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.