Cite as 2020 Ark. 239

# SUPREME COURT OF ARKANSAS
No. CV-19-987

| | |
|---|---|
| JOE E. MORGAN <br> APPELLANT <br><br> V. <br><br> DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION <br> APPELLEE | **Opinion Delivered:** June 11, 2020 <br><br> PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT; PRO SE PETITION FOR WRIT OF CERTIORARI [NO. 40CV-19-110] <br><br> HONORABLE JODI RAINES DENNIS, JUDGE <br><br> <u>AFFIRMED; PETITION DENIED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Joe E. Morgan appeals from the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in the county where he is incarcerated. Morgan alleged in the habeas petition filed below that the trial court in his criminal case did not conduct a plea hearing and therefore did not have the authority to enter a judgment of conviction. The circuit court found that Morgan had failed to demonstrate probable cause that the writ should issue. Morgan has also filed a petition for writ of certiorari to supplement the record and alleges that certain documents attached to his brief-in-chief were not certified; Morgan seeks to have these documents included in the record. For the reasons set forth below, we affirm the circuit court's order and deny the petition for writ of certiorari.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

In 2003, Morgan entered a plea of guilty to rape and first-degree sexual assault and was sentenced as a habitual offender to serve an aggregate term of sixty years' imprisonment. *Morgan v. Kelley*, 2016 Ark. 84, 483 S.W.3d 290 (per curiam). Morgan subsequently filed in the trial court a petition for relief pursuant to Arkansas Rule of Criminal Procedure 37.1. The appeal was dismissed due to an untimely notice of appeal and because he was not entitled to relief. *Morgan v. State*, 360 Ark. 264, 200 S.W.3d 890 (2005) (per curiam). Morgan later filed in the trial court a petition for writ of habeas corpus pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), alleging that he was entitled to neurological testing to demonstrate that he was incompetent to enter a guilty plea. The trial court denied the petition, and this court affirmed. *Morgan v. State*, CR 07-799 (Ark. Nov. 29, 2007) (unpublished per curiam). Thereafter, Morgan filed three pro se petitions for writs of error coram nobis, which were denied by the trial court in a single order. In his petitions, Morgan alleged that his plea was coerced due to misleading statements made by the prosecutor regarding parole eligibility. This court affirmed the trial

2

court's order, finding that the prosecutor made it clear during the plea hearing that Morgan would not be entitled to parole. *Morgan v. State*, 2013 Ark. 341 (per curiam).

In 2018, Morgan filed a petition for writ of habeas corpus together with a petition to proceed in forma pauperis. Morgan alleged in the habeas petition filed in the circuit court that the trial court did not hold a plea hearing before entering the judgment of conviction. The Lincoln County Circuit Court denied the petition to proceed as a pauper because Morgan did not state a colorable cause of action for habeas relief. On appeal, this court found that Morgan's allegation that no plea hearing was held stated a cognizable claim for habeas relief but that Morgan had failed to present a colorable cause of action because his pleading did not satisfy the additional statutory requirement that he make a showing of probable cause. *Morgan v. Kelley*, 2019 Ark. 189, 575 S.W.3d 108. We affirmed the circuit court's order denying Morgan's petition to proceed as a pauper. *Id.*

On September 6, 2019, Morgan filed a second petition for writ of habeas corpus, which is the subject of this appeal, in which he again alleged that the trial court entered the judgment of conviction without first holding a plea hearing. This time, the circuit court granted Morgan's request to proceed as a pauper but denied the underlying habeas petition, finding that Morgan had not provided sufficient evidence of probable cause that he is being held illegally.

The abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata when the petitioner raises the same arguments addressed previously without

3

bringing forward additional facts to support his or her argument. *Watts v. Kelley*, 2019 Ark. 207, 575 S.W.3d 558. Morgan's recent allegations regarding his entitlement to habeas relief were previously addressed by this court, which found that he failed to establish probable cause that he has been illegally detained. *Morgan*, 2019 Ark. 189, 575 S.W.3d 108. While the prior appeal addressed Morgan's right to proceed as a pauper, this court addressed the merits of Morgan's underlying habeas petition and found that his claims lacked merit, and it therefore affirmed the circuit court's denial of his petition to proceed as a pauper. Morgan's recent habeas petition represents an abuse of the writ in that Morgan has failed to provide additional evidence or allegations that would establish probable cause that he is being illegally detained.

As stated above, Morgan has also filed a petition for writ of certiorari in which he alleged that certain documents contained in his addendum pertaining to the plea hearing are not certified. These documents include a docket sheet that establishes that a plea hearing took place and does not support Morgan's claim for relief. Furthermore, the docket sheet is part of the record that was certified. The circuit court did not clearly err when it denied Morgan's habeas petition, and Morgan's petition for writ of certiorari is denied.

Affirmed; petition denied.

HART, J., dissents.

4

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. First, the majority has mishandled Mr. Morgan's petition for writ of certiorari. Second, assuming for argument's sake that this court properly handled Mr. Morgan's cert petition, it improperly invoked the abuse-of-the-writ doctrine to dispose of his appeal.

Mr. Morgan's cert petition represents his attempt to settle or supplement the record because he realized that he had attached copies of certain documents as exhibits to his habeas petition that were not certified by the court that generated the documents. He anticipated that this court would conclude that this defect was grounds for dismissing his appeal. However, even though this court almost invariably grants motions to fix such defects if the motions are filed prior to submission--at least those filed by free-world appellants--inexplicably, the majority chose to ignore Mr. Morgan's petition. Not only did the majority refuse to allow Mr. Morgan to correct the defect in his documentation, but also the majority actually relied on the uncertified docket sheet to dispose of Mr. Morgan's appeal. Apparently, the majority fails to understand that while the uncertified attachments were part of the certified appellate record, that certification did not cure the original defect that Mr. Morgan asked this court to let him correct.

I likewise do not join the majority's conclusion that pursuing this appeal constitutes "abuse of the writ." In *Morgan v. Kelley*, 2019 Ark. 189, 575 S.W.3d 108, Mr. Morgan appealed the circuit court's denial of his petition to proceed in forma pauperis. In this appeal, Mr. Morgan had yet to have his habeas petition decided by the circuit court. In

5

fact, while this court affirmed the circuit court's denial of Mr. Morgan's petition to proceed as a pauper, it nonetheless held that the circuit court erred in finding that Mr. Morgan had failed to allege a matter cognizable in a petition for writ of habeas corpus. Obviously, seeking to proceed as a pauper and having one's habeas petition considered on the merits involve two different issues, causes, and dispositions.

I dissent.

*Joe E. Morgan*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.