Cite as 2026 Ark. App. 65

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-24-736

| | |
|---|---|
| | **Opinion Delivered** February 4, 2026 |
| THERESA MARSHALL<br><br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-24-5865] |
| V.<br>ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION, OFFICE OF DRIVER SERVICES - DRIVER CONTROL<br><br>APPELLEE | HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>AFFIRMED |

## CASEY R. TUCKER, Judge

Theresa Marshall appeals the Pulaski County Circuit Court's denial of her petition for leave to proceed in forma pauperis and its denial of her de novo petition for review. We affirm.

Marshall's case began with the surrender of her driver's license on April 7, 2024, due to driving while under the influence—alcohol and refusal to submit to a chemical test. She requested an administrative hearing to contest the suspension of her license and to be considered for either a restricted driving permit that would allow her to drive for employment, for educational purposes, for medical reasons, or for alcohol-safety education; or an interlock restricted license.

At the conclusion of the administrative hearing, the hearing officer sustained the suspension of Marshall's driving privileges for six months for a first-offense DUI pursuant to Ark. Code Ann. §§ 5-65-103 and -104 (Repl. 2024) and the suspension for the same period due to refusal to submit to a chemical test pursuant to Ark. Code Ann. § 5-65-205 (Repl. 2024). The Office of Driver Services granted Marshall an interlock restricted license as requested and issued an interlock order. Marshall was informed by letter that she must furnish the Office of Driver Services a certificate of completion of an approved alcohol-rehabilitation program, proof of attendance at a victim-impact panel, confirmation of a mandatory interlock for the amount of time required (six months), and a reinstatement fee of $150 to have her driver's license reinstated.

Marshall petitioned the circuit court to proceed in forma pauperis for the purpose of seeking review of the decision by the Office of Driver Services and attached her petition for de novo review as is required by Arkansas Rule of Civil Procedure 72. The circuit court denied her petition on the basis of a failure to state a cause of action upon which relief can be granted. Marshall then filed a "petition for leave to proceed in forma pauperis reconsideration" followed by a "second petition for leave to proceed in forma pauperis reconsideration," which was followed by a "corrected second petition for leave to proceed in forma pauperis reconsideration." The circuit court denied her petitions, and Marshall appealed.

Arkansas Rule of Civil Procedure 72 sets forth the process by which an indigent person may petition the court to pursue his or her cause of action in forma pauperis. When

a court grants a petition to proceed in forma pauperis, the petitioner may then prosecute the suit without paying filing fees and other fees charged by the clerk. Ark. R. Civ. P. 72(c). Indigent individuals do not enjoy an absolute right to proceed in forma pauperis. Rule 72(c) provides, "If satisfied from the facts alleged that the petitioner has a colorable cause of action, the court may by order allow the petitioner to prosecute the suit in forma pauperis." Thus,

> the right to proceed in forma pauperis in civil matters is conditioned on a finding of indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it.

*Morgan v. Kelley*, 2019 Ark. 189, at 2, 575 S.W.3d 108, 109.

Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion. *Morgan*, *supra*. An abuse of discretion occurs when a court acts arbitrarily or groundlessly. We will not reverse a circuit court's factual findings supporting its exercise of discretion unless they are clearly erroneous. *Id.* "If the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion, and this court may affirm the denial of in forma pauperis status." *Id.* at 3, 575 S.W.3d at 110.

To determine whether Marshall's petition for review stated a colorable cause of action, we begin with the applicable law. Pursuant to Arkansas Code Annotated section 5-65-402 (Repl. 2024), when an individual is arrested for driving while intoxicated in violation of section 5-65-103 or for refusing to submit to a chemical test in violation of section 5-65-

205, "the arrested person shall immediately surrender his or her license, permit, or other evidence of driving privilege to the arresting law enforcement officer." Ark. Code Ann. § 5-65-402(a)(1)(A). The arresting officer then gives the driver a receipt that is recognized as a license and allows the driver to operate a motor vehicle for a period not to exceed thirty days. Ark. Code Ann. § 5-65-402(a)(2)(A)(i), (ii). The arresting officer prepares a sworn report of the arrest and submits the surrendered license (if valid and unexpired), a copy of the receipt form, and the report to the Office of Driver Services within seven days of the issuance of the receipt. Ark. Code Ann. § 5-65-402(a)(2)(D)(i).

Pursuant to Arkansas Code Annotated section 5-65-402(a)(4)(A)(iii), "[t]he Office of Driver Services or its designated official shall suspend, revoke, or disqualify the driving privilege of an arrested person . . . when it receives a sworn report from the arresting law enforcement officer that he or she had reasonable grounds to believe the arrested person" had been operating a motor vehicle while intoxicated, in violation of section 5-65-103, and that report is accompanied by the chemical test report or the officer's sworn report that the arrested person refused to submit to a chemical test. Ark. Code Ann. § 5-65-402(a)(4)(A)(iii)(a), (b). A person who has his or her license revoked in accordance with this provision may request a hearing. *Id.* § 5-65-402(a)(7)(A).

Pursuant to the statute, the hearing is not recorded. The burden of proof is on the State and is based on a preponderance of the evidence. *Id.* § 5-65-402(a)(8)(B), (C). Pursuant to section 5-65-402 and as pertinent to the case before us, the issues at the hearing include whether the arresting officer had reasonable grounds to believe that the person was operating

4

a car while intoxicated and whether the person "refused to submit to a chemical test of the breath, saliva, or urine for the purpose of determining the alcohol concentration." *Id.* § 5-65-402(a)(8)(D). When the revocation or suspension of a license is based upon the refusal of the driver to submit to a chemical test, the scope of the hearing also includes whether the driver was informed that refusal would result in having her license suspended. *Id.* § 5-65-402(a)(8)(F)(ii)*(b)*.

After the hearing, the Office of Driver Services orders the suspension rescinded or sustained and informs the driver that he or she may request a restricted permit if the suspension is sustained. *Id.* § 5-65-402(b). Any person whose driving privilege has been suspended pursuant to this section must furnish proof of attendance at and completion of the alcoholism-treatment program, alcohol-education program, or alcohol- and driving-education program and, if applicable, attendance at a victim-impact panel, before reinstatement of her suspended driving privilege. The person must also pay a fee for reinstatement. *Id.* § 5-65-402(g). A person adversely affected by the disposition order may file a de novo petition for review in the circuit court of the county in which the offense took place and must do so within thirty days. *Id.* § 5-65-402(c).

Applying the statutory requirements to the present case, it is clear that the Office of Driver Services acted in accordance with the applicable statutes. Marshall requested a hearing, and the Office of Driver Services granted her request. At the conclusion of the hearing, the hearing officer sustained the suspension of Marshall's license but granted her an interlock-restricted license as she requested. The hearing officer concluded that in order

5

to have her regular driver's license reinstated, Marshall would have to attend a victim-impact panel, use the interlock device for the remaining 184 days, pay a $150 reinstatement fee, and attend alcohol education. These requirements come directly from the statute.

In her petition for review, Marshall complained that the hearing officer stated that the hearing was uncontested. This could well be due to the fact that Marshall checked the blank on the hearing-request form that stated the hearing was requested to be considered for a restricted driving permit. At any rate, whether or not the matter was considered contested, it was inconsequential to the outcome.

Marshall also complained that she did not waive an attorney as indicated on the hearing summary but had not yet retained one. She asserted that this was a criminal proceeding, and an attorney should have been provided for her. However, she is wrong on this point. Administrative suspension of a driver's license constitutes a remedial civil sanction rather than a criminal penalty. *Pyron v. State*, 330 Ark. 88, 953 S.W.2d 874 (1997). There is no absolute right to appointment of counsel in civil matters. *See, e.g., Virgin v. Lockhart*, 288 Ark. 92, 702 S.W.2d 9 (1986).

In her petition, Marshall also asserted that she was not guilty of the DWI charges. However, she did not contest the fact that she refused to submit to a chemical test. Pursuant to Arkansas Code Annotated section 5-65-402(a)(4)(A)(iii), "[t]he Office of Driver Services or its designated official shall suspend, revoke, or disqualify the driving privilege of an arrested person . . . when it receives a sworn report from the arresting law enforcement officer that he or she had reasonable grounds to believe the arrested person" had been operating a

motor vehicle while intoxicated in violation of section 5-65-103, and that report is accompanied by the chemical test report or the officer's sworn report that the arrested person refused to submit to a chemical test. Ark. Code Ann. § 5-65-402(a)(4)(A)(iii)*(a)*, *(b)*. The hearing officer followed this provision.

Marshall also asserted in her petition that the hearing officer did not tell her she would have to pay $150, attend a victim-impact panel, and attend a state-approved alcohol-rehabilitation program. Again, these requirements are specifically mandated by the applicable statutory provision. *See* Ark. Code Ann. § 5-65-402(g)(1)(A).

Marshall complained in her petition that the hearing officer granted her a restricted driving permit to use an interlock device. This was a privilege given at Marshall's request, not a mandate. Marshall cannot make a valid complaint to the circuit court that the hearing officer granted her something that she requested. This would amount to invited error, and it is well settled under the invited-error doctrine that a party cannot complain of an action that it induced. *Hamaker v. Hamaker*, 2025 Ark. App. 156, 708 S.W.3d 839; *Shrable v. Shrable*, 2025 Ark. App. 454, 724 S.W.3d 605.

Because it is clear that Marshall's petition for review did not raise any viable basis for reversal of the decision by the Office of Driver Services, the circuit court did not abuse its discretion in denying her petition to proceed in forma pauperis. *See Morgan*, 2019 Ark. 189, at 2, 575 S.W.3d at 109. Since the court did not grant the petition to proceed in forma pauperis, the petition for review was not truly before it other than to determine whether it

7

presented a colorable cause of action.  The court correctly determined it did not.  Thus, we affirm.

Affirmed.

HARRISON and THYER, JJ., agree.

*Theresa Marshall*, pro se appellant.

One brief only.