Cite as 2020 Ark. 128

# SUPREME COURT OF ARKANSAS

No. CV-18-768

| | |
|---|---|
| DEXTER HARMON <br>                       APPELLANT <br><br> V. <br><br> ESTELLA BLAND, JASON KELLEY, RORY GRIFFIN, AND MATTHEW WOOD <br>                       APPELLEES | **Opinion Delivered:** April 2, 2020 <br><br> PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT <br> [NO. 40CV-18-118] <br><br> HONORABLE JODI RAINES DENNIS, JUDGE <br><br> <u>REVERSED AND REMANDED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Dexter Harmon seeks reversal of the order denying his petition to proceed in forma pauperis in an underlying civil rights and medical malpractice lawsuit. Though the circuit court concluded that Harmon established indigency, it found that the underlying complaint failed to state a colorable cause of action. This conclusion was premised on the circuit court's finding that Harmon failed to comply with the statutory burden of proof in medical malpractice cases. We reverse and remand for an appropriate analysis based on the allegations within the complaint.

Harmon is presently incarcerated at the Varner Supermax Unit of the Arkansas Department of Correction (ADC). In August 2018, he filed the underlying complaint against nurses Estella Bland and Matthew Wood, health service administrator Jason Kelley, and ADC deputy director Rory Griffin. Harmon alleged that Appellees demonstrated deliberate indifference to his serious medical needs in violation of article 2, section 9 of the Arkansas Constitution. He sought to hold Bland liable for retaliation under article 2, sections 4, 6, and

13 of the constitution. The constitutional claims were brought under the Arkansas Civil Rights Act. *See* Ark. Code Ann. §§ 16-123-101 to -108 (Repl. 2016). Harmon also claimed that Bland and Wood committed medical malpractice and negligence. He sought injunctive relief and monetary damages.

Harmon petitioned to proceed as a pauper in the underlying action. The circuit court held that Harmon demonstrated indigency. The petition was nevertheless denied because the underlying complaint "fail[ed] to comply with the burden of proof as required in [Ark. Code Ann.] § 16-114-206. [Harmon] has merely made conclusory allegations which without factual support fails to establish a cause of action." This appeal followed.

We review a decision denying a petition to proceed in forma pauperis for abuse of discretion. *See Breeden v. Kelley*, 2018 Ark. 299, 557 S.W.3d 264. The circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. *Id*. Discretion is abused when the court acts arbitrarily or groundlessly. *Id*. The right to proceed as a pauper in a civil action turns on the petitioner's indigency and the circuit court's satisfaction that the alleged facts indicate a colorable cause of action. *See* Ark. R. Civ. P. 72(c) (2017). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts alleged and the current law or a reasonable and logical extension or modification of it. *See Morgan v. Kelley*, 2019 Ark. 189, at 2–3, 575 S.W.3d 108, 110. If the underlying complaint clearly fails to state a colorable cause of action, there is no abuse of discretion in denying a petition to proceed in forma pauperis. *Id*.

The circuit court improperly relied upon the statutory burden of proof for medical malpractice claims when determining that Harmon's complaint failed to state a colorable

cause of action. *See* Ark. Code Ann. § 16-114-206 (Repl. 2016). The statute provides that in an action for medical injury, unless the asserted negligence could be comprehended by a jury as a matter of common knowledge, the plaintiff has the burden of proving three propositions by expert testimony: (1) the applicable standard of care; (2) the defendant's failure to act in accordance with that standard; and (3) that the failure was the proximate cause of the plaintiff's injuries. *Id*. Whether Harmon meets this statutory burden of proof is irrelevant to the question of whether his complaint stated a colorable cause of action for medical malpractice. Moreover, the statutory provision is wholly inapplicable to claims under the Arkansas Civil Rights Act.

Because section 16-114-206 is irrelevant to determining whether Harmon's complaint stated a colorable cause of action, the matter is reversed and remanded for further findings pertaining to Harmon's entitlement to proceed as a pauper. On remand, the circuit court must conduct an appropriate analysis of whether Harmon has stated colorable causes of action based solely on a review of the allegations set forth in the complaint.

Reversed and remanded.

*Dexter Harmon*, pro se appellant.

One brief only.