SHAWN A. WOMACK, Associate Justice
Frank Watts II appeals the circuit court's denial of his request to proceed in forma pauperis on a petition for writ of habeas corpus. The circuit court's decision was premised on Watts's failure to state a colorable cause of action in his underlying habeas petition. Watts has moved for an extension of time to file his brief and seeks a duplicate copy of the record at the State's expense. Because it is clear from the record that Watts failed to state a colorable cause of action for habeas relief, we affirm the circuit court's decision and the motions are therefore moot.
I. Standard of Review
We review a decision to grant or deny a petition to proceed in forma pauperis for abuse of discretion, and the circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. Breeden v. Kelley , 2018 Ark. 299, 557 S.W.3d 264.
The right to proceed in forma pauperis in civil matters is conditioned on the petitioner's indigency and the circuit court's satisfaction that the alleged facts indicate a "colorable cause of action." Ark. R. Civ. P. 72(c) (2017). If the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion, and this court may affirm the denial of in forma pauperis status. Muldrow v. Kelley , 2018 Ark. 126, 542 S.W.3d 856. A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. Watts v. Kelley , 2017 Ark. 189, 520 S.W.3d 249. The circuit court found that Watts was indigent. Its decision to deny Watts's request for pauper status turned on his failure to state a colorable cause of action in the underlying habeas petition.
II. Watts's Petition for Habeas Relief
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Because Watts did not allege actual innocence and proceed under Act 1780 of 2001, he was required to plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. See Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136 ; Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Failure to do so precludes any basis for issuing the writ. Fields v. Hobbs , 2013 Ark. 416, 2013 WL 5775566. Moreover, assertions of trial error and due process violations do not implicate the validity of a trial court's judgment or jurisdiction. Ratliff v. Kelley , 2018 Ark. 105, 541 S.W.3d 408.
Following a 1997 jury trial, Watts was convicted of possession of a controlled substance with intent to deliver, two counts of possession of drug paraphernalia, and possession of a controlled substance. He was given an aggregate sentence of sixty years' imprisonment as a habitual offender. The Arkansas Court of Appeals affirmed. Watts v. State , 68 Ark. App. 47, 8 S.W.3d 563 (2000). In 1998, Watts was convicted of additional felony offenses and sentenced as *560 a habitual offender to life imprisonment. He failed to timely appeal that conviction. Watts v. State , CR-00-201, 2000 WL 1448603 (Ark. Sept. 28, 2000) (unpublished per curiam) (denying motion for belated appeal).
The claims raised in Watts's petition for writ of habeas corpus were previously raised-and rejected-in a separate habeas petition. See Watts v. State , 2013 Ark. 318, 2013 WL 4774475 (per curiam). In that petition, as here, Watts alleged that the 1998 trial court lacked subject matter jurisdiction because the 1997 trial court had granted his "motion in limine for joinder of offenses." He argued the prosecution was thus collaterally estopped from proceeding with the 1998 trial and made vague references to double jeopardy. The circuit court dismissed the petition for failing to state a colorable claim. Id. We agreed and found that Watts had failed to establish that either trial court lacked jurisdiction to try and convict him for the separate offenses. Id. We further noted that Watts's references to double jeopardy failed to state a claim for habeas relief because Watts had not alleged or established that the second commitment order imposed a facially illegal sentence. Id.
In the instant case, Watts raised the same claims and factual allegations for habeas relief that he had raised previously and that had been clearly rejected by this court. Id. As with coram nobis petitions, the abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata in cases where the petitioner raises the same arguments addressed previously without bringing forward additional facts that would support his or her argument. Anderson v. Kelley , 2018 Ark. 222, at 4 n.3, 549 S.W.3d 913, 915 n.3. Watts's latest iteration of his claims represents an abuse of the writ. The circuit court did not abuse its discretion when it held that Watts had failed to state a colorable claim for habeas relief as the same claims had been previously addressed and found to be outside the purview of habeas proceedings.
Affirmed; motions moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
Mr. Watts has not yet perfected his appeal, so this court's jurisdiction is limited to considering the various motions he has filed. Mr. Watts filed his motion for additional time to file his brief on November 2, 2018. His motion for copies to be made at State expense was filed on November 14, 2018. Both of these motions should have been granted.
While I dispute this court's jurisdiction to consider Mr. Watts's appeal on the merits, I am even more troubled by its decision. I have closely examined the transcripts of Mr. Watts's appeal in CACR-98-690 and his attempt to appeal in CR-00-201. I have verified that the allegations he makes in his habeas petition are supported by the record and would support a finding that his convictions in CR-00-201 violated his right against double jeopardy. Therefore, the resulting life sentence should be vacated.
Mr. Watts was an unrepentant small-time drug dealer. As a result, he amassed several convictions prior to the charges disposed of in CACR-98-690. In that case, Mr. Watts represented himself. On May 30, 1996, he was charged by information with possession with intent to deliver cocaine; possession of drug paraphernalia; possession of marijuana; and possession with intent to use drug paraphernalia-scales. All of these charges accrued on January 24-26, 1996.
While CACR-98-690 was pending, Mr. Watts incurred additional drug charges on June 5, 1997, possession of 3.273 grams of *561 cocaine with intent to deliver; possession of drug paraphernalia; and possession of marijuana with intent to deliver. At a pretrial hearing in CACR-98-690, Mr. Watts moved to have the June 5, 1997 charges combined with the charges he was facing in CACR-98-690. The circuit court granted his motion.
Inexplicably, the State did not go forward on the June 5, 1997 charges in CACR-98-690. Maybe it just forgot. Nonetheless, the order of the circuit court consolidating the charges was binding. Anyway, after a December 2, 1997 jury trial, Mr. Watts was sentenced to 720 months on the cocaine charge, with the sentences for the marijuana and paraphernalia charges to run concurrently.
A year later, however, the State pursued those charges in a second jury trial held on December 15, 1998. Mr. Watts unsuccessfully moved to have the charges dismissed. At trial, attorney Chris Tarver was appointed to represent Mr. Watts. Mr. Watts attempted to fire Tarver; however, there was no record of Tarver being relieved. Because Mr. Watts was a habitual offender, his conviction for possession of 3.273 grams of cocaine caused him to receive a life sentence.
On December 18, 1998, Mr. Watts attempted to file a pro se notice of appeal. However, the circuit court found that without a filing in the record evidencing that Tarver had been relieved, Mr. Watts's pro se notice of appeal was given no effect. Tarver did not file a notice of appeal. In an evidentiary hearing ordered by this court, Tarver, denied receiving such an instruction to file a notice of appeal from Mr. Watts. The circuit court found that Mr. Watts "did not advise Attorney Tarver that he want e to file a pro se appeal" and that "Attorney Carver [sic] did not receive notice of the filing of the appeal." Mr. Watts's direct appeal was dismissed.
In the ensuing years, Mr. Watts petitioned for various forms of postconviction relief related to CR-00-201, but to no avail. Thus, we are now confronted with a case in which a small-time drug dealer has served over twenty years for possessing small amounts of narcotics with intent to deliver in CACR-98-690. But for the life sentence in CR-00-201, parole would be possible. Mr. Watts is now in his sixties. In my view, Mr. Watts should be granted time to file his brief.
I dissent.