Cite as 2019 Ark. 347

# SUPREME COURT OF ARKANSAS

No. CV–19–494

EDWARD E. LOVING

APPELLANT

V.

WILLIAM STRAUGHN, WARDEN,
ARKANSAS DEPARTMENT OF
CORRECTION

APPELLEE

**Opinion Delivered:** November 21, 2019

PRO SE APPEAL FROM THE
LINCOLN COUNTY CIRCUIT
COURT AND MOTION FOR
DEFAULT JUDGMENT
[NO. 40CV–19–30]

HONORABLE JODI RAINES
DENNIS, JUDGE

AFFIRMED; MOTION DENIED.

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Edward E. Loving appeals from the denial and dismissal of his pro se petition for writ of habeas corpus, a remedy allowed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Loving stated no ground on which the writ could issue under Arkansas law, we affirm the circuit court's order.[1]

In 2007, Loving entered a plea of guilty to first-degree murder and was sentenced as a habitual offender to 600 months' imprisonment. He filed the petition for writ of habeas corpus in the county where he is incarcerated in 2019. *Gardner v. Kelley*, 2018 Ark. 300 (Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed

---

[1]In the course of this appeal, Loving filed a motion for default judgment in which he asks that the writ be granted on the ground that the appellee did not respond to his habeas petition. Inasmuch as Loving failed to state a basis for the writ, the motion is denied.

to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001 seeking scientific testing of evidence.); *see also* Ark. Code Ann. § 16-112-201 (Repl. 2016) (providing that petitions under Act 1780 are brought in the court in which the petitioner's convictions were entered).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Proctor v. Kelley*, 2018 Ark. 382, 562 S.W.3d 837.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing

2

the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Loving's petition consisted of approximately one hundred pages of conclusory statements pertaining to Loving's interpretation of Arkansas law and the scope of an action for the writ of habeas corpus. He argues on appeal that the circuit court erred when it failed to issue the writ on the following grounds: (1) he is a "natural person" and first-degree murder is "special law/color of law for corporations and not to be used against natural persons" under the Arkansas Constitution of 1874, and the circuit court was wrong to state that he had referred to himself as an "incorporated being"; (2) there was never a lawful warrant, felony information or indictment, or judgment entered against him; (3) he correctly named the warden of the prison unit where he was incarcerated as the respondent to the habeas action rather than the director of the Arkansas Department of Correction; (4) he was punished without a trial and the unlawful conviction was a "corruption of blood and forfeiture" of his estate; (5) his "copyrighted property, i.e. EDWARD EUGENE LOVING" was taken, appropriated, and damaged for public use without just compensation.

As with the assertions in the petition for writ of habeas corpus, Loving did not offer any factual substantiation or cogent argument in his brief in support of the claims to establish that the judgment entered against him in 2007 for first-degree murder was facially illegal or that the trial court lacked jurisdiction over the matter. His petition consisted of blanket assertions that failed entirely to show that there was a ground for the writ. Claims for habeas relief that are entirely conclusory in nature do not demonstrate a basis for the writ to issue.

3

*Jones v. State*, 2019 Ark. 12, 565 S.W.3d 100. Accordingly, the circuit court's decision that the habeas petition was meritless was not clearly erroneous.

Affirmed; motion denied.

*Edward E. Loving*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.