Cite as 2020 Ark. 197

# SUPREME COURT OF ARKANSAS

No. CV-19-884

| | |
|---|---|
| MICHAEL ANDERSON<br><div align="right">APPELLANT</div> | Opinion Delivered: May 14, 2020 |
| V. | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-19-424] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><div align="right">APPELLEE</div> | HONORABLE JODI RAINES DENNIS, JUDGE |
| | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Michael Anderson appeals the denial and dismissal of his pro se petition for writ of habeas corpus. Anderson argues on appeal, as he did in his petition, that he is being illegally detained because (1) he was not personally charged in an original felony information; instead, his name was added to an amendment to the felony information that originally charged only his brother Myron with the offenses of which Michael was later convicted; (2) the docket number on the judgment and commitment order was incorrect; and (3) the circuit court's granting of his petition to proceed in forma pauperis mandated issuance of the writ.[1] We find no error and affirm the order.

---

[1] Anderson has raised claims for the writ in his brief in this appeal that were not contained in the petition for writ of habeas corpus ruled on by the circuit court. We do not address new arguments raised for the first time on appeal or consider factual

## I. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. *Id.*; Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Clay v. Kelley*, 2017 Ark. 294, 528 S.W.3d 836.

## II. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

---

substantiation added to bolster the allegations made below. An appellant is limited to the scope and nature of the arguments that he or she made below that were considered by the court in rendering its ruling. *See Smith v. State*, 2017 Ark. 236, 523 S.W.3d 354.

III.  *Background*

In 2007, Anderson, who was tried jointly with his brother Myron, was found guilty of five counts of committing a terroristic act and one count of possession of a firearm by certain persons. He was sentenced as a habitual offender on all six counts, and an aggregate term of 1320 months' imprisonment was imposed.  The Arkansas Court of Appeals affirmed on direct appeal.  *Anderson v. State*, 2010 Ark. App. 177.  On August 7, 2019, Anderson filed in the Jefferson County Circuit Court, which is located in the county where he is incarcerated, the petition for writ of habeas corpus that is the subject of this appeal.

IV.  *Adequacy of the Judgment and Commitment Order*

Anderson's assertion that he was never charged with the offenses of which he was convicted has already been addressed by this court in an earlier appeal and decided adversely to him.  *Anderson v. Kelley*, 2019 Ark. 6, 564 S.W.3d 516.  In 2018, Anderson filed a petition for writ of habeas corpus in the circuit court in which he also argued that the trial court lacked personal jurisdiction in his case because he was charged in an amendment to the information originally filed in Myron's case rather than by an original information filed in his individual case and assigned an individual docket number.  He contended that the lack of jurisdiction rendered the judgment invalid on its face, and therefore the writ should issue to effect his release from custody.

We affirmed the circuit court's order, noting that the original information charging Myron was filed in the Ashley County Circuit Court on November 30, 2006, and assigned

3

docket number CR-2006-197-4. On December 28, 2006, an amended information was filed that added Michael Anderson's name. The amended information bore the docket number CR-2006-197-4 A & B. (Michael Anderson was designated defendant "B.") This court held that only those claims of a defective information that raise a valid jurisdictional issue are cognizable in habeas proceedings. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Allegations of a defective information that do not raise such a claim are not generally considered jurisdictional and are, accordingly, treated as trial error. *Williams v. Kelley*, 2017 Ark. 200, 521 S.W.3d 104 (holding that the petitioner's claim that the information's failure to assign a different case number to each of the severed proceedings for his felony charges constituted inadequate due process was not cognizable in a habeas proceeding and was a claim of trial error that had to be raised at trial). We further noted that Anderson did not allege that the amended felony information that charged him was defective in that it failed to apprise him of the charges against him. Instead, he claimed that he was never charged, and the allegation failed to establish a ground for the writ because he did not establish that the trial court lacked jurisdiction to enter the judgment of conviction merely because he was charged in an amendment to the felony information that charged Myron. The trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145. Regarding personal jurisdiction, Anderson's commission of the offenses in Ashley County subjected him to being charged and prosecuted in that county. When the trial court had both personal jurisdiction over the appellant and jurisdiction over the subject matter, the court had

4

authority to render the particular judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989). In short, charging Michael Anderson in an amendment to the information charging Myron did not deprive the trial court of either subject-matter or personal jurisdiction. *Anderson*, 2019 Ark. 6, 564 S.W.3d 516.

Comparing the allegations in Anderson's 2018 habeas petition with those in his petition filed in 2019, it is clear that Anderson restated grounds in the 2019 petition that have already been rejected by the circuit court and by this court on appeal. The abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata when the petitioner raises the same arguments addressed previously without bringing forward additional facts that would support his or her argument. *Watts v. Kelley*, 2019 Ark. 207, 575 S.W.3d 558. By raising the same allegations that have already considered, Anderson has abused the writ.

V. *Effect of an Error in the Docket Number*

In a related point for reversal of the circuit court's order, Anderson contends that the petition for the writ should have been granted because a "formal judgment" was never entered in the trial court that enumerated each of the six offenses of which he was convicted with the correct docket number that identified him and not Myron as the defendant. The judgment, however, bears Michael Anderson's name and the docket number with "B" to reflect that it refers to Michael Anderson. It also sets out the offenses of which Michael was convicted and the sentences, which were within the statutory range for the offenses, imposed for each offense. Anderson did not establish that there was error

5

in the judgment of conviction that deprived the trial court of jurisdiction in the matter or rendered the judgment invalid.

VI. *Effect of an Order Granting Petitioner Leave to Proceed as a Pauper*

Finally, Anderson contends that by granting him leave to proceed in forma pauperis, the circuit court held that the writ should issue. Arkansas Rule of Civil Procedure 72 (2019) conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c). The fact that the circuit court permits the petitioner to proceed with his habeas petition without paying a filing fee, however, is not tantamount to issuance of the writ. The court's action in granting the petition to proceed in forma pauperis constitutes a finding that the petitioner has proved his status as indigent and that the habeas petition contains an allegation that, if substantiated with facts and precedent, would state a ground for the writ. Here, Anderson's claims of an invalid judgment and commitment order stated a cause of action cognizable in habeas proceedings, but the arguments contained in his petition were insufficient to establish that the writ was warranted.

Affirmed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** I agree with the disposition reached by the majority; habeas relief does not lie in this matter. I write separately for the reasons

6

stated in *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting) and *Watkins v. Kelley*, 2018 Ark. 215, 549 S.W.3d 908 (Hart, J., dissenting).

*Michael L. Anderson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.