Cite as 2020 Ark. 347

# SUPREME COURT OF ARKANSAS

No. CV-19-516

|  |  |
|---|---|
| MICHAEL E. REA<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered:** October 29, 2020<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-19-33]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**KAREN R. BAKER, Associate Justice**

Appellant Michael E. Rea was convicted and sentenced to four counts of computer exploitation of a child in the first degree in violation of Arkansas Code Annotated section 5-27-605(a) (Repl. 2013) and twenty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child in violation of Arkansas Code Annotated section 5-27-602(a) (Repl. 2013); this court affirmed. *Rea v. State*, 2015 Ark. 431, 474 S.W.3d 493. Rea now appeals from the denial and dismissal of his petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Rea contends that his convictions are invalid because (1) he was subject to a violation of double jeopardy and due process in that he should not have been convicted of all the offenses as charged, and he was charged and convicted under the wrong subsection of the above-referenced statutes; (2) although the statute of limitations had lapsed, he was charged; (3) the

criminal information was defective; and **(4)** the sentencing order was facially defective because he was not on probation or parole when the offenses occurred, and the offenses should not qualify as aggravated sexual offenses. He also challenges the facts surrounding his arrest and this court's findings in his Rule 37.1 appeal in *Rea v. State*, 2016 Ark. 368, 501 S.W.3d 357 (per curiam). Rea failed to state a basis for issuance of the writ; therefore, we affirm the decision of the circuit court.

## I. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction of the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id.*; Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

## II. *Standard of Review*

A circuit court's decision on a petition for a writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision

2

is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

### III. *Abuse of the Writ*

The abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata when the petitioner raises the same arguments addressed previously without bringing forward additional facts that would support his or her argument. *Watts v. Kelley*, 2019 Ark. 207, 575 S.W.3d 558; *see Jackson v. Kelley*, 2020 Ark. 251, 602 S.W.3d 739. Rea has previously raised many of the same claims for relief in a previous petition for habeas relief when he appealed the denial of his petition to proceed in forma pauperis. *Rea v. Kelley*, 2019 Ark. 339, 588 S.W.3d 715. The repetition of the same claims represents an abuse of the writ. For these reasons, the circuit court did not clearly err when it dismissed Rea's petition.

Rea contends that he should have been convicted of only two counts pursuant to Arkansas Code Annotated section 5-27-605(a) because two occasions in 2009 and 2010 constituted a "single continuous action," and because he was convicted of four counts, the two additional counts violate double jeopardy and are illegal. He further contends that section 5-27-605(b) criminalizes "an action not an object" such that the action of photographing was a single continuous action from the time the first photograph was taken until the last, "once in 2009 and the second time in 2010." Rea claims that because the State alleged that Rea "manufactured photographs," he was convicted of "manufacturing

3

photographs," which is a violation of section 5-27-605(b) and not section 5-27-605(a); therefore, the judgment and sentencing order is invalid on its face. Rea also challenged the circuit court's jurisdiction because the statute of limitations expired on the section 5-27-605 charges. He claims that because the date of the commission of the crimes was incorrectly listed and because the prosecution charged the "wrong degree" of section 5-27-605--first-degree computer exploitation of a child as opposed to second-degree computer exploitation of a child--the 2009 photographs fell outside the limitations period, and as a result, his sentence was illegal. These are all claims that Rea has previously raised. He repeats the claims in this habeas appeal, *see Rea*, 2019 Ark. 339, 588 S.W.3d 715, which is an abuse of the writ. *See generally Joiner v. State*, 2020 Ark. 126, 596 S.W.3d 7 (holding that a court has the discretion to determine whether the renewal of a petitioner's application for the writ, even if there are additional facts presented in support of the same grounds, will be permitted).

IV. *Remaining Claims Rea Raises on Appeal*

A. Defects on the Sentencing Order

Rea contends that the sentencing order lists the wrong offense date—October 17, 2012, instead of November 7, 2009, and October 16, 2010—which renders the sentencing order invalid on its face and makes his conviction illegal.[1] Rea further contends that the

---

[1]To the extent Rea also raises a claim that the criminal information was defective, this court has held that only those claims of a defective information that raise a valid jurisdictional issue are cognizable in habeas proceedings. *Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544. Allegations of a defective information that do not raise such a claim are not generally considered jurisdictional and are, accordingly, treated as trial error. *Id.* Rea does not contend that he was not aware of the charges against him, and the circuit court has

sentencing order is facially invalid because the sentencing order indicates that he was on probation or parole when the offenses occurred and that he was not placed on probation until June 2011; that he committed an aggravated sex offense pursuant to Arkansas Code Annotated section 12-12-903; and that Adam Warford, another prosecutor, signed the sentencing order after Rebecca Bush's name had been crossed out. None of these claims establish a basis for habeas relief, and the circuit court properly denied relief.

Although Rea claims the sentencing order reflected the wrong offense date and that he was not placed on probation until after the offenses had occurred, which rendered the sentencing order invalid, these are claims that go beyond the face of the judgment.[2] A court considering a habeas action is not obligated to go beyond the face of the petition to address the claims in the petition, and the petitioner bears the burden of showing that the face of the judgment at issue was invalid. *Story v. State*, 2017 Ark. 358. Here, Rea was aware at all times that he was being tried for crimes that were alleged to have been committed in October

---

subject-matter jurisdiction to hear and determine cases involving criminal statutes. *Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145. Nor does Rea contend that the court lacked personal jurisdiction that subjected him to being charged and prosecuted in Saline County. Because the circuit court had both personal jurisdiction over the appellant and jurisdiction over the subject matter, the court had the authority to render the particular judgment. *Anderson*, 2020 Ark. 197, 600 S.W.3d 544.

[2]Even if the alleged errors were clerical errors, they do not prevent the enforcement of the judgment, and because it is the sentencing court that may enter an order nunc pro tunc at any time to correct clerical errors in the judgment or order, a circuit court other than the sentencing court may not correct such errors. *Rea*, 2019 Ark. 339, 588 S.W.3d 715.

2012,[3] just as he was aware of his probationary status. Rea's challenges are nothing more than a veiled attack on the sufficiency of the evidence, and habeas proceedings are not a means to challenge the sufficiency of the evidence. *Clark v. Kelley*, 2020 Ark. 206. Habeas actions, likewise, do not afford a petitioner the opportunity to retry his or her case. *Id*. Rea's challenge does not establish a basis for the writ to issue.

Rea contends that the sentencing order incorrectly states that he committed an aggravated sex offense, because his offenses do not fit within the definition of Arkansas Code Annotated section 12-12-903, which renders the judgment invalid. Rea's challenge is one that goes beyond the face of the sentencing order. As we have noted, a court considering a habeas action is not obligated to go beyond the face of the petition to address the claims in the petition, and the petitioner bears the burden of showing that the face of the judgment at issue was invalid. *Story*, 2017 Ark. 358. Rea provides no citation to authority and makes no convincing argument outside his own self-serving statement to support his claim. This court will not research or develop an argument for an appellant. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466.

Rea's claim that the sentencing order was rendered invalid on its face when a prosecutor's name was marked out and signed by another is conclusory and made with no citation to authority. Rea provides no basis to support his claim that the judgment entered against him was facially invalid or that the circuit court lacked jurisdiction. Claims for habeas

---

[3]The criminal information charging Rea clearly indicated the date, October 17, 2012, as reflected in the sentencing order, that he sought to challenge in this habeas proceeding.

relief that are entirely conclusory in nature do not demonstrate a basis for the writ to issue. *Loving v. Straughn*, 2019 Ark. 347, 588 S.W.3d 340; *Rea*, 2019 Ark. 339, 588 S.W.3d 715.

B. Challenges to Facts Surrounding Arrest and Rule 37.1 Appeal

Rea challenges the "facts that led to [his] arrest" as well as this court's "incorrect determination of facts" when it affirmed the denial of Rule 37.1 relief, *see Rea*, 2016 Ark. 368, 501 S.W.3d 357. Regarding the facts that led to his arrest, Rea makes no discernible challenge but merely restates the facts that occurred prior to his arrest, and then he proceeds to challenge this court's findings affirming the denial of postconviction Rule 37.1 relief— abandonment, standing, inventory search, third-party search, search and seizure, and search of his home. Rea failed to state a cognizable claim.

Rea did not allege a lack of jurisdiction or an illegal sentence but rather challenged the facts surrounding his arrest and the search and seizure of evidence, which is a challenge to the admissibility of evidence. Issues that concern the factual questions on the admissibility of evidence that could have been raised and addressed at trial are not cognizable in habeas proceedings. *Douthitt v. Kelley*, 2019 Ark. 404, 590 S.W.3d 734. Any challenge Rea desired to raise as to the legality of his arrest or errors in his trial could and should have been made in the circuit court. *Watson v. Kelley*, 2019 Ark. 147. A habeas proceeding does not afford a prisoner an opportunity to retry his or her case. *Id.* Rea failed to establish that the circuit court erred by denying habeas relief.

Affirmed.

HART, J., dissents.

7

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. As I have written before, Arkansas habeas relief should not be limited to instances where the confinement order is facially invalid or where the circuit court simply lacked jurisdiction. *See, e.g., Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting). The purpose of habeas corpus is to ensure a remedy to address illegal detention by the State. Surely Rea's claim that he stands convicted of a crime for which the statute of limitations had expired is cognizable in habeas corpus proceedings—a claim this court expressly declined to address in *Rea v. Kelley*, 2019 Ark. 339, 588 S.W.3d 715, and incorrectly characterizes here as abuse of the writ. Accordingly, I would reverse for a hearing before the circuit court.

*Michael E. Rea*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.