Cite as 2021 Ark. 37

# SUPREME COURT OF ARKANSAS

No. CV-20-345

| | | |
|---|---|---|
| | | **Opinion Delivered:** March 4, 2021 |
| CHARLES E. JONES | | |
| | APPELLANT | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. |
| V. | | 09CV-20-29] |
| | | |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | APPELLEE | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Charles E. Jones appeals from the denial and dismissal of a petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Jones contends that the trial court lacked territorial jurisdiction, that he was subjected to double jeopardy, and that he was entitled to an evidentiary hearing and written findings. Jones failed to state a basis for issuance of the writ, and we affirm the circuit court's decision.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to

believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Kelley*, 2020 Ark. 290. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

A circuit court's decision on a petition for a writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

A Pulaski County jury convicted Jones of four counts of rape, Class Y felonies, for which he was sentenced to 480 months' imprisonment in the Arkansas Division of Correction. His conviction and sentence were affirmed. *Jones v. State*, 2010 Ark. App. 324. Jones subsequently sought postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. The trial court denied relief, and the appeal was dismissed. *Jones v. State*, 2011 Ark. 523 (per curiam).

Jones then sought habeas relief, contending that there was no probable cause for an arrest warrant to be issued; the felony warrant did not advise him of the charges; unsigned affidavits were utilized in the pretrial proceedings; and he was denied due process and equal protection of the law. The circuit court denied Jones relief, and this court affirmed. *Jones v. State*, 2014 Ark. 67 (per curiam). Jones again sought habeas relief, essentially raising two claims: (1) that the

State failed to prove all the elements of the offenses, that counsel did not preserve the issue of failure of proof for appeal, and that one of the victims had made a statement in a deposition that the crimes occurred in another state; and (2) that the trial court lost jurisdiction because a speedy-trial violation occurred. Jones appealed the circuit court's denial of habeas relief, and this court dismissed the appeal. *Jones v. Hobbs*, 2015 Ark. 251 (per curiam).

Jones next filed a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he claimed that the prosecution withheld statements made by the victims describing sex acts with minors that Jones committed in Texas. This court denied the petition, finding that, although the statements described additional sex crimes committed by Jones in Texas, the statements failed to demonstrate that Jones did not commit the rapes he was convicted of in Arkansas and that Jones failed to demonstrate that the information was either material or withheld from the defense. *Jones v. State*, 2019 Ark. 340, 588 S.W.3d 33. Jones filed a pro se second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, contending that he had new evidence, including his brother's marriage license, that was withheld to support a claim of territorial jurisdiction in that his brother and the victim's mother were not together in 1994, meaning the victims could not have been raped in Arkansas during the time frames alleged in the criminal information. This court determined that Jones failed to state a basis for issuance of the writ and denied the petition. *Jones v. State*, 2020 Ark. 338, 609 S.W.3d 375.

On March 19, 2020, Jones filed in the Chicot County Circuit Court, the county where he is incarcerated, the pro se petition for writ of habeas corpus that is the subject of this appeal.

We first consider Jones's claim that the trial court lacked jurisdiction. The abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata when the petitioner

raises the same arguments addressed previously without bringing forward additional facts that would support his or her argument. *Jackson v. Kelley*, 2020 Ark. 251, 602 S.W.3d 739; *see Watts v. Kelley*, 2019 Ark. 207, 575 S.W.3d 558. Jones has raised the same claim regarding the trial court's lack of jurisdiction—what he now refers to as "territorial jurisdiction"—that he had raised in a previous petition for habeas relief, and it was found to be without merit. Jones concedes it is a "successive petition" but that he has additional evidence regarding his claim that the offenses pertaining to counts two, three, and four occurred in Texas and not in Arkansas.[1] This court has the discretion to determine whether the renewal of a petitioner's application for the writ will be permitted to go forward even if there are additional facts in support of repetitive grounds. *See Rea v. Kelley*, 2020 Ark. 347; *see generally Scott v. State*, 2019 Ark. 94, 571 S.W.3d 451. Although Jones contends that he has additional evidence to support his claim of territorial jurisdiction, he does not indicate how that evidence prevents his claim from being anything but repetitive. He merely makes a conclusory contention of a violation of territorial jurisdiction without further development distinguishing it from his previous claim.[2] This court will not research or develop an argument for an appellant.  *Rea*, 2020 Ark. 347. The repetition of the same claims represents an abuse of the writ. For these reasons, the circuit court did not clearly err when it denied and dismissed Jones's petition.

---

[1]The additional evidence attached to the habeas petition includes a marriage license between Henry Jones (Jones's brother), and Jacqueline Nash (the victims' mother); statements from the victims; and an undated, partial transcript including a colloquy primarily between Jones and the circuit court alleged to have been taken from a June 10, 2019 hearing.

[2]Jones fails to demonstrate how the additional evidence changes the nature of his previous habeas claim—that the victim's statement made in a deposition proved the crimes occurred in another state—that had previously been determined by this court to be a challenge to the sufficiency of the evidence, which is not cognizable in a habeas proceeding. *Jones*, 2015 Ark. 251.

Jones next contends that he has been subjected to a violation of double jeopardy, stating that "an acquittal for the purpose of double-jeopardy, enco[m]passes any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense" and that a double-jeopardy consideration on appeal requires this court to consider a challenge to the sufficiency of the evidence. While some double-jeopardy claims are cognizable in habeas proceedings, if the petitioner does not show that on the face of the commitment order an illegal sentence was imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not cognizable. *Hall v. State*, 2020 Ark. 358; *see Rea v. Kelley*, 2019 Ark. 339, 588 S.W.3d 715. Jones fails to make a cognizable claim for the writ.

Jones's claim is vague and conclusory, at best. As an exhibit to his habeas petition, Jones attached the opinion from his direct appeal—*Jones*, 2010 Ark. App. 324—with handwritten notations that provide some information from which this court can garner the nature of Jones's double-jeopardy claim. The handwritten notations refer to language in the opinion that states, "Accordingly, we find error in the trial court's denial of appellant's directed verdict motion." *Jones*, 2010 Ark. App. 324, at 4. It appears that this typographical error leads Jones to believe that the State did not meet its burden of proof with respect to count one, and thus he argues a violation of double jeopardy. However, review of the opinion clearly indicates that omission of the word "no" is a typographical error, as the court of appeals went on to affirm Jones's conviction and sentence.[3] *See Isom v. State*, 2018 Ark. 368, 563 S.W.3d 533 (typographical error did not otherwise affect the circuit court's reasoning or decision); *Springs v. State*, 368 Ark. 256,

---

[3]The typographical error is also quite clear when read in context with the next sentence that states, "Neither do we find that the trial court erred by allowing testimony by a doctor . . . ." *Jones*, 2010 Ark. App. 324, at 4.

244 S.W.3d 683 (2006). A typographical error does not legitimize Jones's double-jeopardy claim because he has failed to establish that on the face of the commitment order there was an illegal sentence imposed or that the trial court lacked jurisdiction. *Rea*, 2019 Ark. 339, 588 S.W.3d 715.

Finally, Jones contends that postconviction relief requires the circuit court to make written findings of fact and conclusions of law specifying the part of the record that forms the basis of the its decision. He further contends that he should have been entitled to a hearing. Jones is mistaken as to both contentions.

While our statutory habeas corpus scheme contemplates a hearing in the event the writ is issued, there is no requirement that a hearing be given a petitioner regardless of the content of the petition. *Jackson*, 2020 Ark. 255, 602 S.W.3d 743. A hearing is not required on a habeas petition—even when the petition alleges an otherwise cognizable ground—when probable cause for the issuance of the writ is not shown by affidavit or other evidence. *Id*. Moreover, the habeas statutes, Arkansas Code Annotated sections 16-112-101 to -123 do not require a circuit court to make written findings on a habeas petition.[4] *See Strong v. Hobbs*, 2013 Ark. 376 (per curiam). Although Jones contends that more detailed findings were required to determine whether he established a colorable cause of action and that our postconviction rules— referencing Arkansas Rule of Criminal Procedure 37 in particular—dictate that he is entitled to more detailed findings, neither contention applies because he was permitted to proceed as a

---

[4]Notwithstanding the fact that detailed findings are not required in the denial of a habeas petition, Jones did file a motion to amend findings on May 14, 2020, forty-nine days after the circuit court had entered its order denying and dismissing the petition for writ of habeas corpus. The filing of the motion was untimely, as it was filed more than ten days after entry of the order. *See* Ark. R. Civ. P. 52(b) (stating in pertinent part that a motion for an amendment of the court's findings of fact must be made not later than ten days after entry of judgment).

pauper with his pro se petition for writ of habeas corpus. *See* Ark. R. Civ. P. 72(c); *cf. Clemmons v. Kelley*, 2019 Ark. 313 (stating that Arkansas Rule of Civil Procedure 72 mandates that the circuit court make a specific finding of indigency based on the petitioner's affidavit). Jones has failed to demonstrate probable cause for issuance of the writ, and the circuit court was not required to hold a hearing on the petition or issue more extensive written findings.

Affirmed.

WEBB, J., concurs.

*Charles E. Jones*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.