Cite as 2021 Ark. 44

# SUPREME COURT OF ARKANSAS

No. CV–20–530

| | |
|---|---|
| MICHAEL ANDERSON<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** March 4, 2021<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-20-419]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Michael Anderson appeals the circuit court's denial of his petition for writ of habeas corpus as an abuse of the writ. He argues the circuit court clearly erred by not issuing the writ. He also contends the circuit court is precluded from finding an abuse of the writ because it granted his in forma pauperis petition. We affirm the denial of his petition and the finding of an abuse of the writ.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the case. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. A writ proceeding does not require the circuit court to extensively review the record of the trial proceedings. *Jones v. Kelley*, 2020 Ark. 290. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for the court to issue a writ of habeas corpus. *Fields v. Hobbs*, 2013 Ark. 416. We will uphold a circuit court's decision on a petition for a writ

of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364.

Anderson has filed multiple postconviction actions attacking his sentence. First, the circuit court denied his petition for declaratory judgment and petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016), and we affirmed on appeal. *Anderson v. State*, 2017 Ark. 357, 533 S.W.3d 64. Anderson then filed a petition for writ of habeas corpus arguing that he was illegally detained because the State did not name him in the original felony information but amended the information to add him. We also affirmed the circuit court's denial of that petition. *Anderson v. Kelley*, 2019 Ark. 6, 564 S.W.3d 516.

Shortly after, Anderson filed a second pro se petition for writ of habeas corpus claiming again that his sentence was illegal because the State added his name in an amendment to the original felony information. He also alleged that the sentence was illegal because the docket number on the judgment and commitment order omitted his designation as "B," and he argued the circuit court must issue the writ because it granted his petition to proceed in forma pauperis. We held that Anderson's first argument was an abuse of the writ because he had raised it in his prior petition. *Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544. We affirmed the circuit court's order because Anderson's remaining claims did not entitle him to relief. *Id*. Less than thirty days later, Anderson filed the instant pro se petition for writ of habeas corpus. The circuit court denied and dismissed the petition and found an abuse of the writ. He appeals this order.

The abuse-of-the-writ doctrine applies in habeas proceedings to subsume res judicata when the petitioner raises the same arguments addressed previously without bringing forth additional facts to support his or her argument. *Anderson*, 2020 Ark. 197, 600 S.W.3d 544; *see Jackson v. Kelley*, 2020 Ark. 251, 602 S.W.3d 739. Anderson's single claim in his petition for writ of habeas corpus is identical to the one that we found lacked merit the previous month. *Anderson*, 2020 Ark. 197, at 5, 600 S.W.3d at 548. We determine whether the renewal of a petitioner's application for the writ will go forward. *See Rea v. Kelley*, 2020 Ark. 347; *see generally Scott v. State*, 2019 Ark. 94, 571 S.W.3d 451. Repeating the same claim represents an abuse of the writ, and therefore, the circuit court did not clearly err when it denied and dismissed Anderson's habeas petition.

On appeal, Anderson also contends that the circuit court's order granting him leave to proceed as a pauper mandated issuance of the writ. We addressed this issue in his previous appeal, and therefore, we decline to readdress it. *Anderson*, 2020 Ark. 197, at 6, 600 S.W.3d at 548. We affirm the circuit court's denial of the writ and the finding of an abuse of the writ.

Affirmed.

WEBB, J., concurs.

*Michael Anderson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.