Cite as 2024 Ark. 80

# SUPREME COURT OF ARKANSAS

**No.** CV–23–720

|  |  |  |
|---|---|---|
| LARRY BURKS | | **Opinion Delivered:** May 9, 2024 |
| | APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | | [NO. 40CV-23-81] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | <u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Larry Burks appeals from the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16–112–101 (Repl. 2016) in Lincoln County, which is the county where he is incarcerated. The circuit court found that Burks failed to demonstrate that he is being illegally detained and denied and dismissed the petition. We affirm.

In his petition, Burks alleged that the judgment reflecting his conviction for one count of rape is illegal. He claims this is so due to inconsistencies in the judgment and commitment order as well as inconsistencies in the docket entries in the trial court and in this court. The alleged inconsistences primarily consist of discrepancies in the offense date related to the one count of rape for which he was convicted.

I. *Background*

Burks was originally charged with four counts of rape that, according to the information, were committed on February 8 and 9, 2007. Three of the rape counts were dismissed, and Burks was tried and convicted by a Pulaski County jury of one count of rape and was sentenced to 360 months'—or 30 years'—imprisonment in the Arkansas Division of Correction (ADC). The judgment of conviction was entered on March 19, 2008, and the date of the offense was listed as February 9, 2007. After his conviction, Burks's trial counsel withdrew from representation, and due to a failure by the trial court to appoint appellate counsel, Burks filed a petition for a belated appeal five years from the date of the judgment, and this court denied it. Burks subsequently filed a petition for habeas relief in federal court, which was granted by the district court. The grant of federal habeas relief was subsequently reversed by the Eighth Circuit Court of Appeals. *See Burks v. Kelley*, 881 F.3d 663 (8th Cir. 2018).

## II. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* To the extent that the circuit court's order is one that addresses Burks's entitlement to proceed as a pauper, the standard of review is abuse of discretion. *Randle v. State*, 2022 Ark. 116, 644 S.W.3d 413. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Id.*

## III. *Writ of Habeas Corpus*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

IV. *Claims for Relief*

Burks contended in his petition filed in the circuit court and in his arguments on appeal that he is entitled to habeas relief because there are contradictions between what appears on the face of the judgment and commitment order and information set out in certain "certified" and CourtConnect docket entries. According to Burks, there is incompatible information recorded in the circuit court's certified docket, the circuit court's CourtConnect docket number 60CR-07-1193, and the Supreme Court's CourtConnect docket number CR-14-202. Specifically, Burks claims that these records generated by clerks of the courts contain conflicting offense dates for the rapes for which he was charged and also for the rape for which he was convicted. He further contends that the circuit court's certified docket entry reflects that he was convicted of two counts of rape rather than one count of rape. Finally, Burks contends that, according to the circuit court's certified docket, the count of rape with an offense date of February 9, 2007, had been dismissed.

The judgment and commitment order contained in the record establishes that Burks was convicted by a jury of one count of rape, the rape took place on February 9, 2007, and the jury sentenced Burks to 360 months' imprisonment for the offense. Burks does not argue that the judgment entered is illegal on its face or that the sentence exceeds the maximum for the offense. Rape is a Class Y felony that carries a maximum penalty of forty years to life imprisonment. *See* Ark. Code Ann. § 5-4-401 (Repl. 2006); Ark. Code Ann. § 5-14-103 (Repl. 2006). Finally, Burks does not challenge the subject-matter jurisdiction of the trial court to convict and sentence him.

Docket entries recorded by various court clerks have no bearing on the facial legality of the judgment or the jurisdiction of the trial court that entered it. *See Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544. Accordingly, the circuit court did not err when it denied and dismissed Burks's petition for writ of habeas corpus.

Affirmed.

*Larry Burks*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.