Cite as 2025 Ark. 61

# SUPREME COURT OF ARKANSAS

No. CV-24-460

| | |
|---|---|
| ANARIAN CHAD JACKSON<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DIVISION OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered:** May 1, 2025<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT<br>COURT<br>[NO. 40CV-24-24]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Arkansas law provides circuit courts the authority to correct an illegal sentence. A petitioner who files for relief under the statute must allege the sentence is illegal on its face or that the sentencing court lacked jurisdiction at the time. One who successively files petitions for the writ of habeas corpus on the same grounds is found to have abused the writ. Because we hold the circuit court was not clearly erroneous in dismissing Anarian Jackson's petition as being repetitive and previously decided, we affirm.

A Pulaski County jury convicted Jackson of first-degree murder and sentenced him to life imprisonment. We affirmed his conviction. *Jackson v. State*, 359 Ark. 297, 197 S.W.3d 468 (2004). Jackson has prolifically filed successive postconviction petitions. He has sought a petition for a writ of error coram nobis six times in this court. *See Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242. He has filed roughly seven petitions for the writ of habeas corpus, several of which we have disposed of on appeal. *See generally Jackson v. Payne*, 2022 Ark. 10, 636 S.W.3d 765; *Jackson v. Kelley*, 2020 Ark. 255, 602 S.W.3d 743; *Jackson v. Kelley*, 2019 Ark. 191, 575 S.W.3d

105; and *Jackson v. Norris*, No. 07-785, 2008 WL 5101530 (Ark. Dec. 4, 2008) (unpublished per curiam).

Jackson's current petition, filed under Arkansas Code Annotated section 16-112-101 (Repl. 2016), repeats the allegation that the special judge that presided over his criminal trial was not legally appointed. Our court addressed this and explained it was outside the habeas purview because it involved "a non-jurisdictional issue of trial error." *Jackson*, 2022 Ark. 10, at 3, 636 S.W.3d at 767. The circuit court recognized the allegation was successive and accordingly, denied and dismissed Jackson's latest petition on the basis that the allegations had already been rejected by the circuit court and on appeal. Jackson appeals.

This court affirms a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Burks v. Payne*, 2024 Ark. 80, 687 S.W.3d 798. The decision is clearly erroneous when the appellate court is left with the definite and firm conviction that there has been a mistake. *Id.* A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26.

On appeal, Jackson admits the trial court had both personal and subject-matter jurisdiction. He contends he is raising a new, rather than successive, argument. Jackson explains he no longer believes the special-judge issue is a jurisdictional one, but that it rendered his sentencing order facially invalid. This is a misdirection. At the core, Jackson has made the same allegation that the process of sitting a special judge rendered his sentence illegal. That has been rejected. *See Jackson*, 2022 Ark. 10, 636 S.W.3d 765.

The abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata when the petitioner raises the same arguments addressed previously without bringing forward

2

more facts that would support his or her argument. *Jones v. Payne*, 2021 Ark. 37, 618 S.W.3d 132. This court has the discretion to determine whether the renewal of a petitioner's application for the writ will be permitted to go forward even if there are more facts in support of repetitive grounds. *Id.*

Arkansas Code Annotated section 5-10-102(c) (Repl. 1997) provides that murder in the first degree is a Class Y felony. Jackson's sentence, life imprisonment, is within the range of possible penalties for a Class Y felony. Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1997). The sentence imposed by the jury was not facially illegal.

The circuit court did not err when it denied and dismissed Jackson's petition on the basis that he had raised the same claims in a previous petition.

The purpose of preventing successive attempts to pursue relief on the same grounds is to end litigation and prevent a party who has already had a fair legal decision on the matter from litigating it again. *Gulley v. State ex rel. Jegley*, 2023 Ark. 70, 664 S.W.3d 421 (explaining in terms of res judicata).

Because this is a successive petition on the same issue, we find an abuse of the writ, consider it a strike, and hold the circuit court's dismissal was not clearly erroneous. We affirm. If Jackson continues to plead successive writs, both the circuit court and this court may summarily dismiss them in the future.

Affirmed.

Special Justice BARBARA HALSEY joins.

BRONNI, J., not participating.

*Anarian C. Jackson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.